UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
MILAGROS CONTRERAS;

                              Plaintiff,                     **COMPLAINT**

            -against-

                                                            **JURY TRIAL DEMANDED**

NYU LANGONE HOSPITAL;
                              Defendant.
------------------------------------------------------------------X

## JURISDICTION AND VENUE

1) This action arises under A.D.A. 42 U.S.C. § 12101 et. seq., (the "Americans with Disabilities Act" or "ADA").

2) This Court has jurisdiction under 28 U.S.C. §1331, Federal question, and Plaintiff further invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. §1367 to hear claims so related under NYSHRL §296, and the New York City Human Rights Law.

3) Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. §1391 as the Defendant conducts business there and a substantial part of the events giving rise to the cause of action arose there.

## THE PARTIES

4) Plaintiff Milagros Contreras ("Contreras") or ("Plaintiff") resides at 7 White Birch Dr., Ossining, NY 10562.

5) Defendant NYU Langone Hospital. ("NYU Langone") is a New York Corporation located at 550 First Ave. HCC 15, New York, NY 10016, and doing business in the State of New York.

## BACKGROUND FACTS

6) NYU Langone Hospital-Brooklyn is a well-known hospital that provides medical services for adults and children seeking expert inpatient and outpatient care in Brooklyn, New York.

7) Defendant hired Plaintiff Contreras on January 6, 2014, as a level 3 billing coordinator.

8) Defendant hired more than 15 employees at their place of business.

9) When Defendant initially hired Plaintiff, Plaintiff worked 40 hours per week and was paid $1,791.00 per week.

1

10) In 2016, Defendant did not have enough space at the billing office, so they agreed to allow Plaintiff to work from home.

11) Due to Plaintiff's exemplary work performance, Defendant allowed Ms. Contreras to make her own work schedule.

12) On November 15, 2021, Defendant notified Plaintiff that she had to receive the Covid-19 vaccine to remain employed by Defendant.

13) In response to the vaccine requirement, Plaintiff sought a medical and religious exemption request to continue working remotely. Plaintiff sought these exemptions as she did not fall within the guidelines for medical institutions having to mandate employee vaccinations because Plaintiff did not interact with the Defendant's employees or patients since she worked in the billing department from home.

14) Plaintiff's requested religious exemption was supported by a letter sent by the Bronx Household of Faith, ("BHOF") a religious organization she has been involved in since 2012.

15) The letter explained that Ms. Contreras has been an active member of the BHOF community for many years and has taken their solemn and public vow yearly.

16) The BHOF noted three particular aspects of the Bible's teachings that factored into her request for a religious exemption. Specifically, the letter cites: 1) liberty of conscience; 2) sanctity of life; and 3) divinely mandated stewardship of the body.

17) Plaintiff's requested medical exemption was supported by her treating physician. For example, Dr. Alexis Oliveros stated in a doctor's note that Ms. Contreras was unable to get the COVID-19 vaccine due to her history of anaphylaxis in response to the influenza vaccine.

18) Plaintiff's bodily functions are such that they do not respond favorable in response to receiving certain medical vaccines. When triggered, Plaintiff suffers life threatening symptoms such as the inability to breath, eat, walk, or care for herself without immediate medical intervention.

19) Plaintiff was concerned about receiving the COVID vaccine as she experienced anaphylaxis in response to the influenza vaccine, which makes it hard for her to breathe. The Plaintiff's fear of being unable to breathe was exacerbated as she previously had severe pneumonia which reduced the functionality of one of her lungs. Further, the Plaintiff's immediate family members had a history of being harmed by the Covid vaccine.

20) Plaintiff provided Defendant with the above cited documentation supporting both her religious and medical exemptions. However, Defendant denied Plaintiff's requests without considering Plaintiff's medical and religious history and did not allow her the right to appeal the denial.

21) Instead, on November 29, 2021, Defendant summarily terminated Plaintiff's employment because she could not safely receive the Covid-19 vaccine.

## FIRST CAUSE OF ACTION
(Disability Discrimination)
*(42 U.S.C §12112(a)1 of the Americans With Disabilities Act)*

22) Plaintiff repeats, re-alleges, and reincorporates every allegation as though fully set forth herein.

23) The provisions of 42 U.S.C §12101 covered Defendant and protected Plaintiff.

24) Defendant is an "employer" as defined under the ADA.

25) Under §12101 it is unlawful for an employer, such as Defendant, to discriminate against an individual based on their disability, such as the disability possesses by the Plaintiff. §12101 further requires that an employer, such as Defendant, accommodate an employee, like Plaintiff, to continue performing her job duties.

26) Specifically, Defendant had a legal duty to accommodate Plaintiff Contreras to ensure that she could continue working. The New York State Public Health Law ("NYSPHL") requires health care workers to be vaccinated, however it does not require vaccination when an individual, like Ms. Contreras, has a pre-existing health condition.

27) Further, the NYSPHL does not require vaccination when an employee can work remotely and thus would not be able to transmit Covid-19 in the workplace. Defendant knew before terminating Ms. Contreras that she fell outside the scope of the vaccine mandate, yet they fired her anyway. That other similarly situated employees were able to work from home demonstrates that Plaintiffs requested accommodation would not impose and undue hardship on Defendant. Defendant failed to meet this standard by terminating Plaintiff Contreras.

28) As such, Defendant violated 42 U.S.C §12101 and is liable for lost wages, emotional distress damages, attorney fees, and reasonable expenses.

## SECOND CAUSE OF ACTION
(Disability Discrimination)
*(NY Executive Law §296)*

29) Plaintiff repeats, re-alleges, and reincorporates every allegation as though fully set forth herein.

30) The provisions of NYL Executive §296 covered Defendant and protected Plaintiff.

31) Defendant is an "employer" under the definition as stated in §296 of the NYSHRL.

32) Under §296, it is unlawful for an employer such as Defendant to discriminate against an individual based on disability such as the disability possessed by Plaintiff. §296 further requires that an employer like the Defendant, must accommodate an employee, like the Plaintiff, so that she may continue performing her job duties.

33) Specifically, Defendant had a legal duty to accommodate Plaintiff Contreras to ensure that she could continue working. The New York State Public Health Law ("NYSPHL") requires health

care workers to be vaccinated, however it does not require vaccination when an individual, like Ms. Contreras, has a pre-existing health condition

34) Further, the NYSPHL does not require vaccination when an employee can work remotely and thus would not be able to transmit Covid-19 in the workplace. Defendant knew before terminating Ms. Contreras, that she fell outside the scope of the vaccine mandate, yet they fired her anyway. That other similarly situated employees were able to work from home demonstrates that Plaintiff s requested accommodation would not impose and undue hardship on Defendant. Defendant failed to meet this standard by terminating Plaintiff Contreras.

35) As such, Defendant violated NYSHRL §296 and is liable for lost wages, emotional distress damages, attorney fees, and reasonable expenses.

## THIRD CAUSE OF ACTION
(Disability Discrimination)
*(Title 8-102 (29)(7) et. Seq. The New York City Administrative Code)*
*(The New York City Human Rights Law)*

36) Plaintiff repeats, re-alleges, and reincorporates every allegation as though fully set forth herein.

37) The provisions of the New York City Human Rights Law ("NYCHRL") covered Defendant and protected Plaintiff.

38) Defendant is an "employer" under the NYCHRL.

39) Under the NYCHRL, it is unlawful for an employer such as Defendant to discriminate against an individual based on their disability, such as the disability possessed by Plaintiff. The NYCHRL further requires that an employer such as Defendant accommodate an employee such as Plaintiff so that she may continue performing her job duties.

40) According to the NYCHRL, the term disability means any physical, medical, mental, or psychological impairment, or a history or record of such impairment.

41) Specifically, Defendant had a legal duty to accommodate Plaintiff Contreras to ensure that she could continue working. The New York State Public Health Law ("NYSPHL") requires health care workers to be vaccinated, however it does not require vaccination when an individual, like Ms. Contreras, has a pre-existing health condition.

42) Further, the NYSPHL does not require vaccination when an employee can work remotely and thus would not be able to transmit Covid-19 in the workplace. Defendant knew before terminating Ms. Contreras that she fell outside the scope of the vaccine mandate, yet they fired her anyway. That other similarly situated employees were able to work from home demonstrates that Plaintiff requested accommodation would not impose and undue hardship on Defendant. Defendant failed to meet this standard by terminating Plaintiff Contreras.

43) As such, Defendant violated the NYCHRL and is liable for lost wages, emotional distress damages, attorney fees, and reasonable expenses.

## FOURTH CAUSE OF ACTION
(Disability Discrimination- Failure to Accommodate)
*(42 U.S.C §1211(b)(5)(A) Americans with Disabilities Act)*

44) Plaintiff repeats, re-alleges, and reincorporates every allegation as though fully set forth herein.

45) The provisions of 42 U.S.C §12101 covered Defendant and protected Plaintiff.

46) The Defendant is an "employer" as defined in the ADA.

47) Under §12101, it is unlawful for an employer such as Defendant to discriminate against an individual based on their disability, such as the disability possessed by Plaintiff. §1211(b)(5)(A) further requires that an employer, such as Defendant, accommodate an employee, like Plaintiff, to continue performing her job duties.

48) Specifically, Defendant had a legal duty to accommodate Plaintiff Contreras to ensure that she could continue working. The New York State Public Health Law ("NYSPHL") requires health care workers to be vaccinated, however it does not require vaccination when an individual, like Ms. Contreras, has a pre-existing health condition.

49) Further, the NYSPHL does not require vaccination when an employee can work remotely and thus would not be able to transmit Covid-19 in the workplace. Defendant knew before terminating Ms. Contreras that she fell outside the scope of the vaccine mandate, yet they fired her anyway. That other similarly situated employees were able to work from home demonstrates that Plaintiff's requested accommodation would not impose an undue hardship on Defendant. Defendant failed to meet this standard by terminating Plaintiff Contreras.

50) As such, Defendant violated 42 U.S.C §1211(b)(5)(A) and is liable for lost wages, emotional distress damages, attorney fees, and reasonable expenses.

## FIFTH CAUSE OF ACTION
(Disability Discrimination- Failure to Accommodate)
*(NY Exec. Law 296 et. Seq. "NYSHRL")*

51) Plaintiff repeats, re-alleges and reincorporates every allegation as though fully set forth herein.

52) Defendant is "employer" under the NYSHRL.

53) Under the NYSHRL an employer is required to accommodate an employee and engage in an interactive process regarding said accommodation as it relates to the employee's disability.

54) The employer is required to accommodate an employee having a disability so long as it does not impose and undue hardship on Defendant.

55) Defendant subjected Plaintiff to adverse employment action when they denied her accommodation request to work from home and not risk her life and take the COVID vaccination.

5

Instead, Plaintiff was terminated by Defendant for not taking the covid vaccine in violation of the NYSHRL.

56) Accordingly, the Defendant failed to accommodate Plaintiff in violation of the NYSHRL, causing Plaintiff economic and non-economic damages. Therefore, Plaintiff is entitled to lost wages, front pay, emotional distress damages, punitive damages, and attorney fees.

### SIXTH CAUSE OF ACTION
(Disability Discrimination- Failure to Accommodate)
*(Title 8-102 et. Seq. The New York City Human Rights Law)*

57) Plaintiff repeats, re-alleges and reincorporates every allegation as though fully set forth herein.

58) The provisions of NYCHRL Title 8-102 et. Seq. covered the Defendant and protected the Plaintiff.

59) Defendant is an "employer" under the NYCHRL.

60) Under Title 8-102 et. Seq. it is unlawful for an employer such as the Defendant to discriminate against an individual based on disability such as Plaintiff. Title 8-102 et. Seq. further requires that an employer such as the Defendant accommodate an employee like the Plaintiff to continue performing her job duties.

61) Specifically, the Defendant had a legal duty to accommodate Plaintiff Contreras to ensure that she could continue working, especially because the New York State Public Health Law requires health care workers to be vaccinated but does not require vaccination when an individual like Ms. Contreras has a pre-existing health condition. It also does not require vaccination when a person can work remotely and will not be able to transmit the virus in the workplace. The Defendant knew, prior to terminating Ms. Contreras that she clearly fell outside the scope of the vaccine mandate, yet they fired her anyway. The Defendant failed to meet this standard by terminating Plaintiff Contreras.

62) Defendant subjected Plaintiff to an adverse employment action when they denied her accommodation request to work from home and not risk her life and take the COVID vaccination. Instead, Plaintiff was terminated by Defendant for not taking the covid vaccine in violation of the NYCHRL.

63) As such, the Defendant violated Title 8-102 et. Seq. and is liable for lost wages, emotional distress damages, attorney fees, and reasonable expenses.

### SEVENTH CAUSE OF ACTION
(Disability Discrimination- Retaliation)
*(42 U. S. Code § 12203(a) Americans with Disabilities Act - ADA)*

64) Plaintiff repeats, re-alleges, and reincorporates every allegation as though fully set forth herein.

65) The anti-retaliation provisions of the Americans with Disabilities Act cover the Defendant and protect the Plaintiff.

66) Under such provisions, it is unlawful for an employer to retaliate or otherwise discriminate against an employee for exercising their rights under the ADA.

67) Plaintiff engaged in protected activity by requesting an accommodation for her disability.

68) In response to making an accommodation request, the Defendant retaliated against the Plaintiff by terminating Plaintiff's employment.

69) As such, the Defendant violated § 12203(a) of the Americans with Disabilities Act, and is liable for lost wages, emotional distress damages, attorney fees, and reasonable expenses.

**EIGHTH CAUSE OF ACTION**
(Disability Discrimination- Retaliation)
*(NY Exec. Law 296 et. Seq. "NYSHRL")*

70) Plaintiff repeats, re-alleges, and reincorporates every allegation as though fully set forth herein.

71) The anti-retaliation provisions of the NYSHRL cover the Defendant and protect the Plaintiff.

72) Under such provisions, it is unlawful for an employer to retaliate or otherwise discriminate against an employee for exercising their rights under the NYSHRL.

73) Plaintiff engaged in protected activity by requesting an accommodation for her disability.

74) In response to making an accommodation request, the Defendant retaliated against Plaintiff by terminating Plaintiff's employment.

75) As such, the Defendant violated NY Exec. Law § 296 et. Seq. and is liable for lost wages, emotional distress damages, attorney fees, and reasonable expenses

**NINTH CAUSE OF ACTION**
(Disability Discrimination- Retaliation)
*(Title 8-102 (29)(7) et. Seq. The New York City Administrative Code "NYCHRL")*

76) Plaintiff repeats, re-alleges, and reincorporates every allegation as though fully set forth herein.

77) The anti-retaliation provisions of the NYCHRL cover the Defendant and protect the Plaintiff.

78) Under such provisions, it is unlawful for an employer to retaliate or otherwise discriminate against an employee for exercising their rights under the NYCHRL.

79) Plaintiff engaged in protected activity by requesting an accommodation for her disability.

80) In response to making an accommodation request, the Defendant retaliated against Plaintiff by terminating Plaintiff's employment.

### **TENTH CAUSE OF ACTION**
(Discrimination Based on Religion- Failure to Accommodate)
*(Title VII of The Civil Rights Act of 1964)*

81) Plaintiff repeats, re-alleges, and reincorporates every allegation as though fully set forth herein.

82) The provisions of Title VII covered the Defendant and protected the Plaintiff.

83) Defendant is an "employer" as defined in Title VII of the Civil Rights Act of 1964.

84) Under Title VII it is unlawful for an employer such as Defendant to discriminate against an individual based on Religion. This includes refusing to accommodate an employee's sincerely held religious belief or practices, unless the accommodation would impose and undue hardship on Defendant.

85) A religious practice may be sincerely held by an individual even if the belief is newly adopted, not consistently observed, or different from the commonly followed tenets of the individual's religion.

86) Specifically, Defendant had a legal duty to accommodate Plaintiff's religious accommodation request to ensure that she could continue working. Plaintiff's religious accommodation request to not take the vaccination would not impose an undue burden on Defendant as she was able to work from home previously.

87) Further, the NYSPHL does not require vaccination when an employee can work remotely and thus would not be able to transmit Covid-19 in the workplace. That other similarly situated employees were able to work from home demonstrates that Plaintiff's requested religious accommodation would not impose an undue hardship on Defendant.  Defendant failed to meet this standard by terminating Plaintiff Contreras.

88) As such, Defendant violated Title VII of the Civil Rights Act and is liable for lost wages, emotional distress damages, attorney fees, and reasonable expenses.

### **ELEVENTH CAUSE OF ACTION**
(Discrimination Based on Religion- Failure to Accommodate)
*(NY Exec. Law 296 et. Seq. "NYSHRL")*

89) Plaintiff repeats, re-alleges, and reincorporates every allegation as though fully set forth herein.

90) The provisions of NY Exec. Law § 296 covered the Defendant and protected the Plaintiff.

91) Defendant is an employer as defined by the New York State Human Rights Law.

92) Under the NYSHRL, it is unlawful for an employer such as Defendant to discriminate against an individual based on Religion. This includes refusing to accommodate an employee's sincerely held religious beliefs or practices, unless the accommodation would impose and undue hardship on Defendant.

8

93) A religious practice may be sincerely held by an individual even if the belief is newly adopted, not consistently observed, or different from the commonly followed tenets of the individual's religion.

94) Specifically, Defendant had a legal duty to accommodate Plaintiff's religious accommodation request to ensure that she could continue working. Plaintiff's religious accommodation request to not take the vaccination would not impose an undue burden on Defendant

95) Further, the NYSPHL does not require vaccination when an employee can work remotely and thus would not be able to transmit Covid-19 in the workplace. That other similarly situated employees were able to work from home demonstrates that Plaintiff's requested religious accommodation would not impose an undue hardship on Defendant. Defendant failed to meet this standard by terminating Plaintiff Contreras.

96) As such, Defendant violated the NYSHRL and is liable for lost wages, emotional distress damages, attorney fees, and reasonable expenses.

## TWELFTH CAUSE OF ACTION
(Discrimination Based on Religion-Failure to Accommodate)
*(Title 8-102 (29)(7) et. Seq. "NYCHRL")*

97) Plaintiff repeats, re-alleges, and reincorporates every allegation as though fully set forth herein.

98) The provisions of the NYCHRL covered the Defendant and protected the Plaintiff.

99) Defendant is an "employer" under the NYCHRL.

100) Under the NYCHRL, it is unlawful for an employer such as Defendant to discriminate against an individual based on Religion. This includes refusing to accommodate an employee's sincerely held religious beliefs or practices unless the accommodation would impose and undue hardship on Defendant.

101) A religious practice may be sincerely held by an individual even if the belief is newly adopted, not consistently observed, or different from the commonly followed tenets of the individual's religion.

102) Specifically, Defendant had a legal duty to accommodate Plaintiff's religious accommodation request to ensure that she could continue working. Plaintiff's religious accommodation request to not take the vaccination would not impose an undue burden on Defendant as she was able to work from home.

103) Further, the NYCHRL does not require vaccination when an employee can work remotely and thus would not be able to transmit Covid-19 in the workplace. That other similarly situated employees were able to work from home demonstrates that Plaintiff's requested religious accommodation would not impose an undue hardship on Defendant. Defendant failed to meet this standard by terminating Plaintiff Contreras.

104) As such, Defendant violated the provisions of the NYCHRL and is liable for lost wages, emotional distress damages, attorney fees, and reasonable expenses.

## **DEMAND FOR TRIAL BY JURY**

105) Pursuant to Rule 38(b) of the Fed. R. Civ. P., Plaintiff demands a trial by jury on all questions of fact raised by this Complaint.

WHEREFORE, Plaintiff respectfully prays that this Court enters a judgment:

i. Directing Defendant to pay Plaintiff all economic and non-economic damages afforded to her under Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act, the New York State Human Rights Law, and the New York City Human Rights Law.

ii. Directing the Defendant to pay punitive damages under Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act, New York State Human Rights Law, and the New York City Human Rights Law.

iii. Directing Defendant to pay prejudgment interest, post-judgment, interest, costs and disbursements, and other and further relief as this Court deems just and equitable.

iv. Directing Defendant to pay the reasonable attorney fees, costs, and expenses incurred in prosecuting this action.

v. Any other damages to which Plaintiff may be afforded in law or equity as determined by the Court.

Dated:   White Plains, New York
         January 27, 2023

By: _____*Jordan El-Hag*_____
Jordan El-Hag, Esq.
El-Hag & Associates, P.C.
Attorney for Plaintiff
777 Westchester Ave, Suite 101
White Plains, N.Y, 10604
(914) 218-6190 (p)
(914) 206-4176 (f)
Jordan@elhaglaw.com